IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY WOMACK

       Plaintiff,                    No. CIV S-11-1030 MCE EFB P

   vs.

TIM VIRGA, et al.,

       Defendants.              <u>ORDER</u>

      Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for a preliminary injunction and his motion to compel. Dckt. Nos. 1, 31. Defendants have opposed both motions, and plaintiff has filed reply briefs. Dckt. Nos. 23, 32, 33, 34.

I.    <u>Background</u>

      Plaintiff's motion for a preliminary injunction asks that the court order, *inter alia*, that plaintiff be housed in a single cell and receive treatment for his Post Traumatic Stress Disorder. Dckt. No. 1 at 12. Plaintiff alleges that due to his mental illness, he fears that if he is forced to share a cell he will kill or be killed by his cellmate. *Id.* at 4-5.

      Defendants argue that plaintiff has failed to present credible evidence to support a grant of a preliminary injunction. Dckt. No. 24 at 2. Specifically, defendants contend plaintiff has

failed to present evidence to establish that he suffers from PTSD or that he will suffer irreparable injury in absence of an injunction. *Id.* at 5-6. Defendants further contend that plaintiff has not presented credible evidence that plaintiff "has a requisite history of in-cell violence, predatory behavior, or objectively determinable victimization to justify single-cell assignment." *Id.* at 7. In addition, defendants assert plaintiff's mental health clinicians do not believe plaintiff currently poses a threat to himself or another inmate if one is assigned a cell-mate, thus, plaintiff cannot justify his request for single-cell status. *Id.*

On August 17, 2011, plaintiff filed a "motion to compel discovery," seeking a number of documents from defendants. Dckt. No. 28. The court construed the motion as a request for discovery and ordered defendants to respond. *See* Dckt. No. 30. Plaintiff contended that he needed the documents in order to support his motion for a preliminary injunction. Dckt. No. 28 at 1, 3. On September 6, 2011, defendants responded to plaintiff's request for discovery, objecting to every request for production and "declin[ing] to produce any documents . . . at this time." Dckt. No. 33, Ex. A to Irby Decl. at 2-9.

On September 22, 2011, plaintiff filed a motion to compel. Dckt. No. 31. Plaintiff contends that he requires the requested documents as evidence in support of his motion for preliminary injunction. For the reasons explained below, plaintiff's motion to compel is granted, and defendants must produce documents to plaintiff.

Plaintiff claims that he needs the requested documents as evidence in support for his motion for preliminary injunctive relief–and defendants argue that plaintiff's motion for injunctive relief should be denied because plaintiff has not produced sufficient evidence in support of his allegations. It is apparent that plaintiff wishes to file an amended motion for injunctive relief once he obtains the requested evidence. Therefore, the court denies plaintiff's currently pending motion for injunctive relief without prejudice. Plaintiff may file an amended motion for injunctive relief, or, if he chooses, may simply file a notice of renewing his original motion for injunctive relief, with any new supporting documents attached. Defendants may file

2

an amended opposition or a notice of renewal of their original opposition, and plaintiff may file an amended reply brief or a notice of renewal of his original reply, within the time periods set out in the Federal Rules.

II.     Motion to Compel

Plaintiff moves to compel the production of the following documents: 1) any and all institutional appeals against correctional officers; 2) any and all institutional 602 appeals plaintiff has submitted for any and all reasons; 3) any and all copies of CDC 115 disciplinary write-ups plaintiff has received while incarcerated at Folsom State Prison; 4) all classification committee actions; 5) any and all mental health institutional appeals plaintiff has submitted against mental health staff; 6) any and all institutional 602 appeals plaintiff has submitted against Folsom State Prison's mental health staff; 7) any and all copies of CDC 115 disciplinary write-ups that plaintiff has received from mental health employees; 8) plaintiff's mental health records from Folsom Mental Health Department; 9) plaintiff's confidential mental health records from Folsom Mental Health Department; and 10) all classification committee actions. Dckt. No. 28 at 2-3.

Defendants object to each RFP on several grounds and "decline" to produce any documents to plaintiff. *See generally* Dckt. No. 33, Ex. A at 2-9. Defendants also make the circular argument that "[p]laintiff defends each of his objectionable requests on the basis that he needs the information sought to expose the existence of a pattern and practice of 'conspiracy, harassment, and retaliation' by Defendants" but the court should deny his motion to compel because "plaintiff offers no admissible evidence that any conspiracy, harassment, retaliation, or document destruction by Defendants exists." Dckt. No. 33 at 4. The argument is self-defeating. Further, defendants are reminded that under the Federal Rules of Civil Procedure "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The primary purpose of discovery is to acquire evidence to support a party's allegations. As defendants' own argument demonstrates, plaintiff has

requested relevant evidence.

Information is relevant for purposes of discovery if "it is reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Because discovery is designed to define and clarify the issues in the case, it is not limited to the precise issues raised in the pleadings. *Id.* at 350-51. "The question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Panuci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)). The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

A motion to compel is appropriate where a party fails to produce relevant, non-privileged documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3). If a party, in response to a request for production under Rule 34, fails to produce or permit inspection, the discovering party may move for an order compelling production. *Id.* An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P 37(a)(4). The party seeking the motion to compel discovery has the burden of informing the court why the defendants' objections are not justified or why the defendants' responses are deficient.

Defendants assert several virtually identical objections to each of plaintiff's RFPs. The court addresses each of these boilerplate objections in turn.

////

////

A. <u>Objections to RFPs 1, 2, 4, 5, 6, 7, and 10</u>

Defendants object to RFPs 1, 2, 4, 5, 6, 7, and 10 on the grounds that the requests are vague, ambiguous, overly broad, unduly burdensome, and unintelligible because the requests fail to specify the period of time and from which CDCR facilities the records are being requested and from which inmates, correctional officers or mental health staff employees are being sought, and thus, the requests are unlikely to lead to admissible evidence.[1] Dckt. No. 33 at 4; Dckt. No. 33-1, Ex. A at 5-6, 7-10, 12.

The requests are not vague, ambiguous, or unintelligible. RFPs 1 and 2 ask for any and all Form 602 institutional appeals filed by plaintiff. In his motion to compel, plaintiff clarified his request, asking for all Form 602 appeals he has filed against all defendants at Folsom State Prison. Dckt. No. 31 at 2. RFPs 4 and 10 ask for all "classification committee actions." Again, plaintiff has clarified he is requesting any and all classification committee actions involving plaintiff from January 2005 to January 2012. Dckt. No. 31 at 10. RFPs 5 and 6 ask for any and all Form 602 mental health appeals filed by plaintiff. Plaintiff has clarified he is requesting any and all Form 602 mental health appeals plaintiff has filed against Folsom State Prison mental health statff. Dckt. No. 31 at 6. RFP 7 asks for any and all 115 disciplinary write-ups plaintiff has received from Folsom State Prison mental health staff. Plaintiff has been specific in his requests for documents and each request is clear on its face. Further, plaintiff's requests are either specific to Folsom State Prison or plaintiff has clarified the documents he seeks involve Folsom State Prison. Accordingly, these objections are overruled.

---

[1] Defendants objected to all ten of plaintiff's request for production with some variation of this boilerplate objection. Boilerplate objections such as these are improper. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (general or boilerplate objections such as "overly burdensome and harassing" are improper); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable).

5

Defendants also object that RFPs 1, 2, 4, 5, 6, 7 and 10 are overbroad and unduly burdensome. Again, defendants do not explain this objection and there is no apparent basis for it. Plaintiff only requests appeals he has filed, plaintiff's 115 disciplinary write-ups, and classification committee actions involving plaintiff. Thus, the documents requested in RFPs 1, 2, 4, 5, 6, 7 and 10 are likely contained in plaintiff's central file. The burden of retrieving these documents is not great. Accordingly, the objection is overruled.

B.      Objections to RFPs 3, 7, 8, and 9

Defendants object to RFPs 3, 7, 8, and 9 on the grounds that they are vague, ambiguous, overly broad, unduly burdensome, and unintelligible as to the terms because the requests potentially include documents and records that are factually and legally irrelevant to the facts, circumstances, and issues alleged in plaintiff's amended complaint and the related proceedings in this action and are thus unlikely to lead to admissible evidence. Dckt. No. 33-1, Ex. A at 3-4, 10-12.

Again, defendants do not explain these objections, and the objections are not facially meritorious. Plaintiff's RFP 3 and 7 are for any and all disciplinary write-ups plaintiff has received at Folsom State Prison from correctional officers or mental health staff. RFPs 8 and 9 seek all of plaintiff's mental health records for Folsom State Prison. These documents may be relevant to the facts, circumstances, and issues alleged in plaintiff's motion for a preliminary injunction and amended complaint. Plaintiff alleges defendants Virga and Worrel harassed plaintiff with 115 disciplinary write-ups for refusing a cellmate, despite the fact that his prior physician recommended him for single-cell status. All disciplinary write-ups plaintiff has received would potentially be relevant to plaintiff's claims of harassment or to demonstrate plaintiff is a candidate for single-cell status. Further, plaintiff's Folsom State Prison mental health records may be relevant in that they could contain information as to plaintiff's past mental health diagnoses. Plaintiff's mental health records could also demonstrate plaintiff has such significant mental health issues that he is not a suitable candidate for double-cell housing.

1  Accordingly, defendants' objections on these grounds are overruled.

2        C.      <u>Objections to RFPs 8 and 9</u>

3        Defendants further object to RFPs 8 and 9 because the requests fail to specify a period of
4  time for which the records are requested. Dckt. No. 33-1, Ex. A at 11-12. Defendants argue
5  RFPs 8 and 9 are overbroad because plaintiff does not specify a period of time from which the
6  records are sought, but do not suggest how the request should be narrowed. As discussed above,
7  RFPs 8 and 9 request documents contained in plaintiff's mental health file at Folsom State
8  Prison. On its face, the request does not appear to be unduly burdensome as it only requests one
9  inmate's file from a singular institution. Accordingly, defendants' objections to RFPs 3, 8, and 9
10 are overruled.

11       D.      <u>Objections to RFPs 1, 2, 4, 5, 6, 7, and 10</u>

12       Defendants object to some of these RFPs on the grounds that the requests seek
13 information regarding the identity and other privileged identifying information regarding
14 correctional officers, CDCR mental health staff members, or other inmates who are not parties to
15 this lawsuit. Dckt. No. 33-1, Ex. A at 5-6, 8-9. Defendants argue disclosure of that information
16 violates the correctional officers and mental health staff members' right to privacy in their
17 personnel information. *Id.*

18       In addition, defendants claim that some of the RFPs seek documents are privileged under
19 "all relevant state and federal laws,' but do not cite any authority to support their contention or
20 provide a privilege log. Defendants further object to RFPs 1, 2, 5, and 6 on the grounds that
21 disclosure of such confidential and privileged information would result in the strong likelihood
22 that the safety and security of CSP prisons "could be, and most likely would be irreparably
23 compromised." Dckt. No. 33-1, Ex. A at 5-6, 8-9. Defendants do not explain how or why this is
24 so.

25       Defendants' opposition does not elaborate on these arguments or identify any specific
26 documents that implicate privacy rights or are privileged. Documents that are a part of the

7

personnel records of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery. *Soto v. City of Concord*, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230-31 (S.D. Cal. 1993); *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). Federal law does recognize a qualified privilege for official information, and government personnel files are considered official information. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). The official information privilege exists to ensure disclosure of discoverable information without compromising the State's interest in protecting the privacy of law enforcement officials and in ensuring the efficacy of its law enforcement system. *Kelly v. City of San Jose*, 114 F.R.D. 653, 662-63 (N.D. Cal. 1987). "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" *Soto*, 162 F.R.D. at 613 (quoting *Kelly*, 114 F.R.D. at 661). Whether personnel files are privileged depends upon the balance of "potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery." *Miller*, 141 F.R.D. at 299. Because "privileges operate in derogation of the truth finding process the law places the burden of proving all elements essential to invoking any privilege on the party seeking its benefits." *Kelly*, 114 F.R.D. at 662; Fed. R. Civ. P. 26(b)(5). Here, defendants have not met their burden, nor have they complied with the procedural requirements for asserting a claim of privilege.

To invoke the official information privilege the party opposing discovery must, in addition to a privilege log, submit an affidavit from an official of the agency in control of the materials sought addressing the following concerns: (1) an affirmation that the agency has maintained the confidentiality of the materials it refuses to disclose; (2) a statement that the affiant personally has reviewed the material in question; (3) a specific identification of the privacy interests that would be threatened by disclosure to the plaintiff; (4) a description of how disclosure pursuant to a "carefully crafted protective order would create a substantial risk of

harm to significant governmental or privacy interests;" and (5) a projection of the extent of harm that would befall the threatened interests if disclosure were ordered. *Kelly*, 114 F.R.D. at 670. The reason for requiring this sort of showing is to provide the court with the information it needs to make a reasoned assessment of the weight of the interests, in the particular situation before the court, against the requested disclosure. The more specific the government's affidavit, the better it equips the court to do its job. *Id.*

Defendants have not complied with their obligation to prepare a proper privilege log to assert their claims of privilege here. Rule 26(b)(5) requires the production of a privilege log any time information is withheld on the ground that the information is privileged, and failure to timely produce a privilege log may result in waiver of the privilege at issue. *Burlington N. & Santa Fe Rwy. Co.*, 408 F.3d 1142 (9th Cir. 2005). There is no indication in the record currently before the court that defendants have actually considered which, if any, of the documents requested genuinely raise security concerns. Accordingly, defendants shall, within thirty days, either turn over the records sought, or produce redacted copies of those documents together with a proposed protective order that provides for the redaction of sensitive information. Defense counsel is admonished that any withheld information shall be specifically itemized in a privilege log that satisfies federal law. Defendants shall submit any withheld documents for *in camera* review. Again, it is defendants' burden either to produce the requested documents or move for a protective order. Refusal to produce discovery based on a blanket assertion of privilege and without a proper privilege log is clearly not an appropriate response to the discovery request.

Defendants further object to RFPs 4, 7, and 10 on the grounds that these requests potentially seek information regarding complaints filed by other inmates which may contain confidential information about those inmates' medical conditions, custody classifications, conviction offenses, disciplinary actions, gang status and other sensitive information. Dckt. No. 33-1, Ex. A at 7, 10, 12-13. Defendants argue the disclosure of such information to other inmates presents a serious risk of harm to the safety and security of the institution and violates

9

the inmates' rights to privacy and confidentiality. *Id.* Yet, again, defendants have not provided sufficient information to allow the court to evaluate the seriousness of its objections. Defendants have not explained what, if any, sensitive information is actually contained in the requested documents. Accordingly, defendants' objections on these grounds are overruled.

### F.     General Objections to All RFPs

Defendants object to all of plaintiff's RFPs on the grounds that the documents are not in defendants' possession, custody, or control. Dckt. No. 33 at 4; Ex. A at 2-7. This assertion is demonstrably not true. Defendants have submitted and place heavy reliance on their attachment of copies of plaintiff's form 602 appeals, classification committee actions, and 115 disciplinary write-ups in support of their opposition to plaintiff's request for a preliminary injunction. See Dckt. No. 23, Ex. A; Dckt. No. 23-3, Dussledorp Decl., Ex. A; Dckt. No. 26, Ex. A, B, C, D. Defendants have also submitted recent mental health records for plaintiff under seal. Attaching these documents to court filings show that defendants are, indeed, in possession, custody, or control of the requested documents. That they have the ability to control and access these documents is hardly surprising. Defendants in this action are CDCR employees who are represented by the Attorney General's Office. Based on their relationship with CDCR, defendants have constructive control over the requested documents and the documents must be produced. *See, e.g., Mitchell v. Adams,* 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); *see also Gray v. Faulkner,* 148 F.R.D. 220, 223-24 (N.D. Ind. 1992) (requiring certification that responding party "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.").

Finally, defendants objected to all RFPs on the grounds that plaintiff seeks the production of documents that he is able to inspect through more convenient, less burdensome, or expensive

means, including but not limited to an *Olson* review through his correctional counselor, but has not elected to do so.[2] Dckt. No. 33, Ex. A at 2-9. Defendants contend that the least burdensome and oppressive method for plaintiff to obtain these records is by requesting an *Olson* review. *Id*. at 4.

Plaintiff has declared under penalty of perjury that he requested and attempted to conduct an *Olson* review of his central and medical files and that he was informed the central and medical files were incomplete. Dckt. No. 31 at 12-13. Plaintiff declares that he asked his counselor, J. Polich ("Polich"), to find the records and that Polich informed him that he would locate and retrieve the documents. *Id.* Plaintiff declares that he was informed that he was only shown a portion of the documents in his central file, and that he saw that documents were missing from his medical file. *Id.* at 13. Plaintiff attested that he contacted defendant Worrell to request these files and Worrell never responded. *Id.*

In opposition, defendants submit declarations by Polich and Worrell. Polich attests that he never promised to obtain missing records nor refused to obtain records requested during plaintiff's *Olson* review. Dckt. No. 33 at 5; Polich Decl., Dckt. No. 33-3 ¶¶ 2-3. Defendant Worrell attests that plaintiff never contacted Worrell for the release of certain mental health records. Dckt. No. 33 at 5; Worrell Decl., Dckt. No. 33-2 ¶¶ 4-5. Defendant Worrell further attests that each CDCR inmate's medical, dental and mental health records are maintained in the inmate's Unit Health Record ("UHR"). *Id.* Worrell declares that once a medical document has been placed in an inmate's UHR, under California law, it is illegal to remove it. *Id.*

Defendants' objections are overruled. Plaintiff has declared under penalty of perjury that he was informed that the portion of his central file that he was given for review was incomplete, and that he could tell by reviewing his medical file that it was incomplete as well. Defendants have not produced evidence to refute plaintiff's statement. Defendants have not submitted a

---

[2] An *Olson* review is a review of a prisoner's central or medical files mandated by *In re Olson*, 37 Cal. App. 3d 783, 112 Cal. Rptr. 579 (1974).

declaration of an individual with personal knowledge of the contents of plaintiff's central and medical files to attest to the files' completeness. Defendant Worrell's statement that it is illegal to remove documents from a UHR under California law does not prove that files were not removed from plaintiff's file. Plaintiff has attempted to complete an *Olson* review and attests that it was inadequate and that the central and medical files were incomplete. Accordingly, defendants' objection that plaintiff seeks the production of documents that he is able to inspect through an *Olson* review is overruled.

III. Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's motion for injunctive relief is denied without prejudice as explained above. *See* Dckt. No. 1.

2. Plaintiff's September 22, 2011 motion to compel is granted. *See* Dckt. No. 33. Within 21 days of the date of this order, defendants shall produce the requested documents, with the exception of documents that are privileged under federal law, as set out above. Further, any withheld documents must be withheld in compliance with the proper procedures for asserting a claim of privilege, as set out above.

Dated: December 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE