IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY WOMACK,

       Plaintiff,                   No. 2:11-cv-1030 MCE EFB P

   vs.

TIM VIRGA, et al.,

ORDER

       Defendants.
_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pending before the court are plaintiff's "Motion for Proof that Defendants Fabricated Plaintiff's Mental Health Records," and "Amended Motion for Injunctive Relief."[1] Dckt. Nos. 37, 40. Also pending is defendants' motion for summary judgment. Dckt. No. 66. For the reasons stated herein, plaintiff's motions are denied, but he is granted leave to file an affidavit responding to defendants' summary judgment motion in accordance with Rule 56(d) of the Federal Rules of Civil Procedure.

////

////

---

[1] Plaintiff's other pending motions will be address by separate order and/or findings and recommendations. *See* Dckt. Nos. 54, 62, 63, 64.

1

## I. Background

This action proceeds on plaintiff's claim that defendants Stabbe, Virga, Sullivan, Worrell, Van Dusseldorp, and Jochim ("defendants"), violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by refusing to permit him to be housed in a single cell for the duration of his incarceration, causing him to suffer significant emotional and psychological distress.[2]  *See* Dckt. No. 1 at 4-5 (alleging that if forced to share a cell, he will kill or be killed by his cellmate).  Plaintiff also claims that defendants subjected him to cruel and unusual punishment by wrongfully issuing disciplinary write-ups, retaining him in administrative segregation, and revoking his privileges.  *See* Dckt. No. 1 (Plaintiff's April 18, 2011 "Motion for Preliminary Injunctive Relief"); Dckt. No. 7 (Plaintiff's May 6, 2011 "Affidavit in Support of Motion for Preliminary Injunctive Relief"); Dckt. No. 8 (Plaintiff's May 6, 2011 Complaint). *See also* Dckt. No. 11 (May 21, 2011 28 U.S.C. § 1915A Screening Order).

On April 18, 2011, prior to filing a complaint, plaintiff filed a motion for preliminary injunctive injunction and requested an order to: (1) prevent defendant Virga from allowing his subordinates to harass plaintiff through issuing disciplinary write-ups for plaintiff's refusals to accept cellmates; (2) grant plaintiff single-cell status; (3) provide plaintiff with treatment for his "post traumatic stress syndrome" and "bipolar mental health problems;" and (4) compel the Office of the Attorney General to investigate defendants Virga and Worrell for conspiring to fabricate reasons to deny single cell status to deserving inmates.  Dckt. No. 1; *see also* Dckt. No. 6 (Plaintiff's May 2, 2011 "Motion to Amend [ ] Preliminary Injunctive Relief").

////
////
////
////

---

[2] Plaintiff also named McElroy as a defendant in this action, but voluntarily dismissed defendant McElroy on July 18, 2011.  Dckt. No. 18.

2

1  Thereafter, plaintiff eventually filed a complaint and filed several motions seeking
2  assistance in obtaining discovery, claiming that he needed certain documents to support his
3  motion for preliminary injunctive relief.[3]  *See* Dckt. No. 28 (Plaintiff's August 17, 2011 "Motion
4  for Discovery"); Dckt. No. 31 (Plaintiff's September 22, 2011 "Motion to Compel Discovery").
5  On December 21, 2011, the court ordered defendants to produce to plaintiff the requested
6  documents within 21 days.  Dckt. No. 38.  The court also denied plaintiff's April 18, 2011
7  motion for preliminary injunctive relief without prejudice.  *Id.*

**II.    Plaintiff's Motion for Proof that Defendants Fabricated Plaintiff's Mental Health Records (Dckt. No. 37)**

10  On December 1, 2011, plaintiff filed a "Motion for Proof that Defendants Fabricated
11  Plaintiff's Mental Health Records."  Dckt. No. 37.  According to plaintiff, some of his mental
12  health records misstate his cell number.  He contends that this proves "that Folsom Mental
13  Health Staff are fabricating his [ ] mental health progress notes for the sole purpose of having
14  documented reasons for denying plaintiff single cell status."  *Id.* at 4.  Plaintiff's "motion" does
15  not include any request for relief, nor does it cite any legal source authorizing its filing.  It
16  plainly is not a filing contemplated by the Federal Rules of Civil Procedure.  Although plaintiff
17  is proceeding pro se, he is required to comply with the Federal Rules of Civil Procedure and the
18  Local Rules of the Eastern District of California.  *See McNeil v. United States*, 508 U.S. 106, 113
19  (1993) (procedural requirements apply to all litigants, including prisoners lacking access to

---

[3] The court summarized plaintiff's filings as moving to compel the production of the following documents: 1) any and all institutional appeals against correctional officers; 2) any and all institutional 602 appeals plaintiff has submitted for any and all reasons; 3) any and all copies of CDC 115 disciplinary write-ups plaintiff has received while incarcerated at Folsom State Prison; 4) all classification committee actions; 5) any and all mental health institutional appeals plaintiff has submitted against mental health staff; 6) any and all institutional 602 appeals plaintiff has submitted against Folsom State Prison's mental health staff; 7) any and all copies of CDC 115 disciplinary writeups that plaintiff has received from mental health employees; 8) plaintiff's mental health records from Folsom Mental Health Department; 9) plaintiff's confidential mental health records from Folsom Mental Health Department; and 10) all classification committee actions.  *See* Dckt. No. 38 at 3.

3

counsel); L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."). Plaintiff's motion, which lacks any procedural or substantive basis, must be denied. In the event plaintiff's opposition to defendants' pending motion for summary judgment includes objections to the authenticity of defendants' evidence, the court will address those objections, if necessary, when it resolves that motion.

**III.    Plaintiff's Amended Motion for Injunctive Relief (Dckt. No. 40)**

On February 2, 2012, plaintiff filed an "Amended Motion for Injunctive Relief." Dckt. No. 40. In that motion, plaintiff again claims that defendants have fabricated his mental health records. He also claims that defendants have wrongfully failed to produce some of the documents responsive to his discovery requests.[4] *See id.* at 10-11, 21 (including five disciplinary write-ups issued after plaintiff initiated this action, certain mental health records from California State Prison, Sacramento, and the mental health interdisciplinary treatment team's December 24, 2009 chrono granting plaintiff single-cell status for a year); *id.* at 15 (asking defendants, "where is this chrono?"). Defendants contend that the exhibits to plaintiff's motion belie his claims, because most of the exhibits were produced to plaintiff by defendants, "as confirmed by the Bates page numbers affixed by Defendants prior to producing the requested documents to Plaintiff." *See* Dckt. No. 49 at 5 ("Defendants could not, as Plaintiff would have this court believe, both withhold and produce the same documents."). A careful reading of plaintiff's motion, along with the attached exhibits, however, reveals that many of the documents that plaintiff claims were withheld, are not attached as exhibits to his motion. Additionally, many of those that are attached, are not Bates stamped. Accordingly, defendants have not sufficiently addressed plaintiff's contention that they failed to fully respond to his discovery requests.

////

---

[4] Plaintiff makes similar contentions in his March 15, 2012 filing. *See* Dckt. No. 50.

1    Nevertheless, plaintiff does not seek an order compelling defendants to produce the
2 allegedly withheld documents described above.  Instead, plaintiff appears to argue that
3 defendants' alleged discovery misconduct entitles him to single-cell status.  *See* Dckt. No. 40 at
4 6 (citing to Fed. R. Civ. P. 37(a)).  It does not.  An order mandating that plaintiff be single-
5 celled is not an appropriate sanction for allegedly deficient discovery responses.  *See* Fed. R.
6 Civ. P. 37(b)(2)(A)(i)-(vi) (listing types of sanctions for not obeying a discovery order).  To the
7 extent plaintiff's February 2, 2012 motion requests injunctive relief in the form of a court order
8 requiring that he be single celled, that request will be addressed in separately issued findings and
9 recommendations resolving plaintiff's subsequently filed "Re-Amended Motion for Injunctive
10 Relief." *See* Docket No. 54.

11    Plaintiff's February 2, 2012 motion also requests that the undersigned "personally
12 discover [and] research" plaintiff's "prior hospitalizations" and "prior mental health histories"
13 from Corcoran State Prison, Vacaville's Department of Mental Health, and the California Social
14 Security Department.  Dckt. No. 40 at 3-4; *see also id.* at 2, 23; *id.* at 4 (stating that to "deny
15 plaintiff these mental health records is to deny plaintiff the right to properly argue his case for
16 single cell status"); *id* at 21 ("defendants withheld the above mental health records for the sole
17 purpose of preventing this court (Hon. Edmund. F. Brennan) from having the relevant records of
18 plaintiff, records that would allow this court to grant plaintiff's request for single-cell status.").
19 That request must be denied.  The role of the court is not to conduct discovery or research for the
20 parties.  Plaintiff is responsible for litigating his case, and he must conduct the necessary legal
21 research to pursue this action.

22    Even had plaintiff requested that defendants, instead of the court, produce these
23 documents, the request would still be procedurally and substantively deficient.  The deadline for
24 filing motions to compel was November 28, 2011, and plaintiff did not file the instant motion
25 until February 2, 2012 and has neither requested an extension of that deadline nor shown good
26 cause for any such extension.  *See* Aug. 9, 2011 Discovery & Scheduling Order, Dckt. No. 27.

5

Additionally, the court cannot compel defendants to produce documents that were never properly requested by plaintiff. The case file reflects that plaintiff requested from defendants his mental health records from his incarceration at California State Prison, Sacramento, *see* Dckt. No. 49-1, Ex. A, but plaintiff fails to demonstrate that he ever made an appropriate discovery request for documents regarding "prior hospitalizations" or "mental health histories" from any institution other than California State Prison, Sacramento. *See* Dckt. No. 40 at 12, 22 (alleging generally that "Folsom State Prison Psychologists" failed to honor plaintiff's request that they retrieve his mental health records from Corcoran and Vacaville). Thus, even viewed as a motion to compel, the request is both untimely and improper.

## IV.     Leave to File Rule 56(d) Affidavit

Throughout plaintiff's filings, he contends that defendants' alleged withholding of certain documents will prevent him from obtaining relief in this action. As noted, discovery in this case is closed and defendants' motion for summary judgment is pending. Federal Rule of Civil Procedure 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. *See* Fed. R. Civ. P. 56(d) (requiring party making such request to show "by *affidavit or declaration* that, for *specified reasons*, it cannot present *facts essential* to justify its opposition."). A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). A Rule 56(d) affidavit must also identify "some basis for believing that the information sought actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009). Given plaintiff's status as a pro se litigant and his apparent belief that he may be entitled to relief under Rule 56(d), the court will grant plaintiff one opportunity to make the factual showing required by Rule 56(d). If plaintiff declines to do so, the court will decide the summary judgment motion on the current record.

6

**V. Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions (Dckt. Nos. 37, 40) are denied.

2. On or before October 31, 2012, plaintiff may file a sworn affidavit or appropriate declaration made under penalty of perjury that sets forth the factual showing required by Federal Rule of Civil Procedure 56(d). No extensions of time will be granted.

3. Defendants may file a written opposition or statement of non-opposition to plaintiff's affidavit or declaration within seven days after plaintiff files such affidavit or declaration.

DATED: September 25, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE